UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

---

| | | |
|---|---|---|
| ADRIAN A. PLESHA, | ) | |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| BESTLINE INTERNATIONAL RESEARCH, INC. | ) ) | |
| | ) | **Cause No. 1:19-cv-01273** |
| | ) | |
| Defendant. | | |

---

PLAINTIFF, Adrian A. Plesha (hereinafter "Plaintiff" or "Plesha"), by and through his attorneys, Ashcroft Law Firm, LLC, for his Complaint against Defendant Bestline International Research, Inc. (hereinafter "Defendant" or "Bestline"), allege, on knowledge as to their own actions, and otherwise upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. This is a breach of contract matter arising out of the September 10, 2015, "Agreement for Professional Services" (hereinafter "Agreement") between Plesha and Bestline, formerly Bestline Lubricants, Inc., per the Agreement.

## JURISDICTION

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action between citizens of the District of Columbia and citizens of New York and the matter in controversy exceeds the jurisdictional minimums of this Court.

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that Plaintiff resides in this district and under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

4. Plesha is a citizen of the United States.

5. Plesha is a consultant specializing in raising awareness and creating opportunities for business development for new companies, such as Bestline.

6. Upon information and belief, Defendant is a corporation that is incorporated in Delaware and has its principal place of business at State Street 224 Schenectady, NY 12301-0806.

7. Defendant created and patented oil and gas treatment technologies for both federal and state government as well as private sector companies.

## FACTS

*The Agreement*

8. Plesha and Bestline entered into an Agreement for Professional Services on or about September 10, 2015.  Attached hereto as Exhibit A is a true and correct copy of the Agreement.

9. The Agreement is signed by Floria A. Rais, CEO of Bestline.

10. The Agreement calls for four types of compensation: (1) monthly payments pursuant to § 2(a); (2) a finder's fee pursuant to § 2(c); (3) commission based on the company's gross sales pursuant to § 2(d), and (4) reimbursement for all transportation, hotel, meals, and

other business-related expenses incurred in connection with carrying out Plesha's services to Bestline pursuant to § 3.

11. Per the Agreement at § 2(a), Bestline agreed to pay Plesha $120,000.00, which was payable at a rate of $6,000.00 per month for twelve (12) months, and $4,000.00 per month in supplementary company equitable shares of Bestline.

12. As a favor to Bestline, Plesha agreed to deferments of some of the § 2(a) payments, and it still owed $87,625.

13. Additionally, Plesha is believed to be owed $100,000 in company equity pursuant to § 2(a), and/or company shares of that value per § 2(a).

14. Per the Agreement at § 2(c), Bestline agreed to pay Plesha 10% of Bestline stock or 10% of the net sale of the entire company "if [Plesha] either brings in or introduces the company to a team of investors who acquire it or for finding a corporate shell in which the company would transfer its assets."

15. Per the Agreement at § 2(d), Bestline agreed to pay Plesha a commission of 7% of the company's gross sales on all non-federal government business.

16. Plesha is believed to be owed $100,800 in cash from the § 2(d) commission on gross sales, however, without access to Bestline's company earnings it is impossible to calculate the exact amount owed under § 2(d).

17. Per the Agreement at § 3, Bestline agreed to reimburse Plesha for transportation, hotel, meals, and other business-related expenses. *See* Agreement at § 3.

*Plesha's Performance*

18. In connection with the Agreement, Plesha introduced Bestline to Chevron, Valvoline, UPS, AT&T, and Lowes.

19. Plesha has performed all conditions precedent per the Agreement, entitling him to payments, equitable shares, and company shares afforded by the Agreement.

*Bestline's Performance*

20. While Bestline had made some payments to Plesha, it failed to make all payments, both in cash, equitable shares, and company shares to Plesha, resulting in losses to Plesha in an amount to be determined at trial and through discovery given Plesha's lack of access to Bestline's monthly gross earnings which is required in order to calculate what is due and owing to Plesha.

*Agreement Termination*

21. The Agreement was to automatically extend on a month-to-month basis upon the same monthly terms and conditions if not specifically terminated in writing by either party prior to September 1, 2017. *See* § 4(b).

22. The Agreement was terminated by e-mail on August 30, 2017, by John Polster of Bestline as Bestline "[did not] have the resources to continue]".

*Plesha Attempts to Collect Payment/Compensation Owed*

23. Upon termination of the Agreement, Plesha made several attempts via e-mail and telephone to resolve the payment issues with Bestline.

24. Specifically, on September 8, 2017, Plesha emailed John Polster, Florian Rais, and one other, outlining the debt owed to him by Bestline.

25. On September 9, 2017, Florian Rais, while admitting Plesha introduced Bestline to certain companies, stated via email he would "let you sort out the remainder of the remainder that you were entitled with John".

26. Plesha immediately responded stating – correctly – that the Agreement speaks for itself, but asked Bestline to respond with the number Bestline felt he was owed to continue discussions and try to find a resolution.

27. A few weeks passed, and on September 22, 2017, Bestline had not responded and Plesha sent an email asking for a status update.

28. On October 13, 2017, John Polster finally responded to Plesha's inquiry and stated Bestline was still "in the process of getting information together".

29. Another week went by, and John Polster updated Plesha on October 20, 2017, stating he was still working on it and confirming information on Bestline's end.

30. On October 29, 2017, John Polster again told Plesha he was finalizing his response but needed more information from Florian Rais before sending.

31. On November 8, 2017, Plesha emailed John Polster explaining it had been over two months and he had received no response from Bestline regarding what he is owed and seeking a fair resolution.

32. On November 13, 2017, John Polster told Plesha in response he would have Bestline's response that same week.

33. On November 16, 2017, John Polster responded to Plesha on behalf of Bestline, essentially stating Plesha was owed no commission but is owed a balance on monthly fees of $78,875 and offering to go to the board to issue Plesha stock in the amount of $78,875, which would amount to a .5% interest in Bestline.

34. Plesha reviewed this offer and called John Polster in early December 2017.

35. After a few weeks of phone tag, John Polster told Plesha on December 20, 2017, that he likely will not be able to get everyone at Bestline together to discuss what is owed to Plesha until after the new year.

36. After months of a lack of response from Bestline, Plesha retained our firm to engage in discussions/communications with Bestline.

37. These communications commenced on April 7, 2018, and continued through October, 2018, including both written letters and emails between attorney at our firm and employees and/or agents and/or authorized representatives of Bestline.

38. Given the lack of a serious and adequate offer from Bestline, Plesha feels compelled to file this Complaint.

## COUNT ONE
## [BREACH OF CONTRACT]

39. Plesha repeats, realleges, and incorporates by reference paragraphs 1 through 38 above as Count One of this Complaint.

40. Plesha and Bestline entered into the Agremeent on or about September 9, 2015.

41. Plesha has performed all of his duties under the Agreement entitling him to payments, equitable shares, and company shares afforded by the Agreement.

42. Plesha has, on multiple occasions, requested the payments, equitable shares, and company shares afforded to him by the Agreement under § 2(a), 2(c), 2(d), and 4 from Bestline.

43. To date, Bestline has failed or refused to pay Plesha the payments, equitable shares, and company shares afforded to him by the Agreement under § 2(a), 2(c), 2(d), and 4.

44. As a result, Bestline has breached the Agreement.

45. As a direct and proximate consequence of Bestline's breach of contract/the Agreement, Plesha has not been fully paid or compensated for his consultant work for Bestline, and, as such, has been damaged.

46. By reason of the foregoing, Defendant is liable in an amount to be determined at trial pursuant to the Agreement, plus interest, attorneys' fees, and costs.

WHEREFORE, Plesha demands that judgment be entered against Bestline with prejudgment interests, costs, and such further relief as the Court deems just and proper under the circumstance and applicable law.

## COUNT TWO
### [BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING]

47. Plesha repeats, realleges, and incorporates by reference paragraphs 1 through 47 above as Count Two of this Complaint.

48. By its actions set forth above, Bestline also breached the contract's implied covenant of good faith and fair dealing.

49. As a result of the breach of contract, Plesha lost compensation there from.

50. As a result of the breach of contract, Plesha lost significant professional opportunity for future earnings, benefits, and advancements as his time was spent working for Bestline without payment and requesting payment.

51. As a result of the breach of contract, Plesha has incurred expenses in seeking backpay from Bestline and finding replacement clients.

52. Therefore, Plesha is entitled to recovery of damages as determined by a judge.

WHEREFORE, Plesha demands that judgment be entered against Bestline with prejudgment interests, costs, and such further relief as the Court deems just and proper under the circumstance and applicable law.

## *COUNT THREE*
## *[QUANTUM MERUIT]*

53. Plesha repeats, realleges, and incorporates by reference paragraphs 1 through 52 above as Count Three of this Complaint.

54. Bestline requested that Plesha consult for them to or for their benefit.

55. Plesha consulted for Bestline and substantially completed all work requested by Bestline.

56. The fair value of Plesha's work and contributions to Bestline is in the range of $10,000/month to upwards of $40,000/month.

57. Plesha has made a demand upon Bestline for payment of the fair value of unpaid work for the benefit of Bestline, but the same have failed and refused to pay said amount causing Plesha to incur substantial damages.

58. Bestline has been unjustly enriched by their failure to compensate Plesha for the fair value of his labor.

59. Therefore, Plesha is entitled to recovery of damages as determined by a judge.

WHEREFORE, Plesha demands that judgment be entered against Bestline with prejudgment interests, costs, and such further relief as the Court deems just and proper under the circumstance and applicable law.

## COUNT FOUR
## [MISREPRESENTATION]

60. Plesha repeats, realleges, and incorporates by reference paragraphs 1 through 59 above as Count Four of this Complaint.

61. Bestline and their authorized agents and representatives made representations to Plesha regarding the work to be performed by Plesha in connection with the Agreement, directives to perform other work and/or consulting, and other promises and inducements to Plesha for the purposes of securing labor for work.

62. Such representations included, but were not limited to, promises to cure the default and debt and come to an amicable resolution, both verbally and via email, and to make prompt payment thereafter.

63. Such representations were committed by Bestline and their authorized agents and representatives verbally and via email from approximately August 12, 2015, through January 21, 2018. Said misrepresentations compelled or otherwise induced Plesha to fully comply with the Agreement and continue his work.

64. In making said misrepresentations, Bestline knew that Plesha would rely upon the same in completing its requested work.

65. Bestline has failed and refused to make payments to Plesha pursuant to and within the requirements of the Agreement.

66. Such failure and refusal to make timely payments has caused Plesha to sustain great loss and damage.

67. The false and fraudulent representations were made by representatives of Bestline with knowledge of the falsity of the same and have caused Plesha to sustain great loss and damage.

68. Therefore, Plesha is entitled to recovery of damages as determined by a judge.

WHEREFORE, Plesha demands that judgment be entered against Bestline with prejudgment interests, costs, and such further relief as the Court deems just and proper under the circumstance and applicable law.

## COUNT FIVE
### [PROMISSORY ESTOPPEL]

69. Plesha repeats, realleges, and incorporates by reference paragraphs 1 through 68 above as Count Five of this Complaint.

70. As averred herein, Bestline and their authorized agents and representatives made representations to Plesha regarding the work to be performed by Plesha in connection with the Agreement, directives to perform other work and/or consulting, and other promises and inducements to Plesha for the purposes of securing labor for work.

71. To his detriment, Plesha relied on Bestline's promises and, as a result, Plesha expanded substantial time, effort, labor, and resources for the benefit of Bestline.

72. By failing to compensate Plesha, Bestline has breached their promises and caused injustice.

73. Therefore, Plesha is entitled to recovery of damages as determined by a judge.

WHEREFORE, Plesha demands that judgment be entered against Bestline with prejudgment interests, costs, and such further relief as the Court deems just and proper under the circumstance and applicable law.

**WHEREFORE**, Plesha requests judgment as follows:

1. Enter judgment in favor of Plesha against Bestline on Count I;
2. Enter judgment in favor of Plesha against Bestline on Count II;
3. Enter judgment in favor of Plesha against Bestline on Count III;

4.       Enter judgment in favor of Plesha against Bestline on Count IV;

5.       Enter judgment in favor of Plesha against Bestline on Count V;

6.       In excess of the minimal jurisdictional limits of this Court, determine the amount of damages due to Plesha upon each of the herein Counts I-V;

7.       Award Plesha interest, costs, and legal fees; and

8.       Grant Plesha such other and further relief as the Court deems just and proper.

Dated: May 1, 2019

Respectfully submitted,

ASHCROFT LAW FIRM, LLC

/s/ *David R. Nimocks*
David Austin R. Nimocks
DC Bar No. 992409
919 Congress Ave., Ste, 1100
Austin, TX 78701
Phone: 512-370-1800
Email: animocks@ashcroftlawfirm.com

Michelle T. Reilly (*pro hac vice* pending)
BBO # 697556
200 State Street, 7th Floor
Boston, MA 02109
617-573-9400 (phone)
617-933-7607 (fax)
mreilly@ashcroftlawfirm.com

***Attorneys for Plaintiff, Adrian A. Plesha***